THE BARDEN AND ROBESON CORPORATION, PLAINTIFF-
RESPONDENT, v. ALFRED LIRIO, TRADING AS LIRIO
BASKET AND PAPER COMPANY, DEFENDANT-APPEL-
LANT.

Submitted October term, 1927—Decided March 29, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and
LLOYD.

For the appellant, *Charles P. Brewer.*

For the respondent, *Thomas G. Tuso.*

PER CURIAM.

The plaintiff brought suit to recover the sum of $492.46,
with interest, based on an accord agreement between itself
and the defendant in an adjustment of a claim for baskets
sold. There was no denial of the obligation, but the defend-
ant filed a counter-claim, setting up that the baskets delivered
represented but two carloads of a much larger quantity of
baskets with covers which the plaintiff had contracted to
furnish at the price of $1.35 per dozen; that the baskets
actually delivered did not have covers, and that the moneys
sued for represented a compromise only of the claim for the
ones actually delivered; that the plaintiff refused to deliver
the remaining baskets and covers; that the defendant was
obliged to go into the open market and purchase baskets with
covers at an advance of forty cents per dozen. For the conse-
quent loss damages in the sum of $3,000 were claimed.

A motion was made by plaintiff's counsel to strike out the answer on the ground that it was sham and frivolous. On this motion, after the reading of affidavits by both sides, the answer was stricken out and judgment entered for the plaintiff in the sum of $500.89, the learned trial judge taking the view that the compromise applied to the whole contract. To the action of the court in striking out the counter-claim the present appeal was taken.

This we think was error. The affidavits presented consisted largely of correspondence between the parties, and from this correspondence it is inferable that the compromise agreement upon which the plaintiff's claim was based was not a settlement of the parties' rights respecting the delivery of the remaining carloads of baskets under the original contract, but a compromise of the claim for the two carloads already shipped alone. Under these circumstances the judgment in favor of the plaintiff will be permitted to stand, but the order striking out the defendant's counter-claim will be reversed to the end that a trial may be had according to law on the counter-claim.